**ORIGINAL**

S E A L E D

BY ORDER OF THE COURT

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE # 3740
Chief, Criminal Division

MARSHALL H. SILVERBERG #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone: 440-9259
facsimile: 541-2958
e-mail: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 13 2013

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DENNIS RAYMOND ALEXIO, (01) )<br><br>Defendant. )<br>_____ ) | CR. NO. CR 13-01017 JMS<br><br>**INDICTMENT**<br><br>COUNTS 1-6: 18 U.S.C. § 514<br><br>COUNTS 7-9: 18 U.S.C. § 2314<br><br>Forfeiture Allegation |

**INDICTMENT**

1

<u>COUNTS 1-6</u>
(18 U.S.C. § 514)
(passing, presenting, and offering false
and fictitious instruments and documents)

The Grand Jury charges that:

I.    BACKGROUND ALLEGATIONS

At all times material herein:

A.    <u>The Defendant</u>

1.    Defendant DENNIS RAYMOND ALEXIO (ALEXIO) was a
resident of Honolulu, Hawaii, in the District of Hawaii.  His
residence was located at 99-814 Meaala Street, Aiea, HI, 96701.

B.    <u>APMEX</u>

2.    APMEX, formerly known as American Precious Metals
Exchange, Inc., is an online precious metal dealer headquartered
in Oklahoma.  APMEX buys and sells precious metal products,
especially bars and coins.  APMEX sells on line U.S. Mint
bullion products including gold, silver, platinum, palladium,
and American Eagles.

C.    <u>The Financial Management Service</u>

3.    The Financial Management Service (FMS) is a
bureau of the Department of the Treasury.  FMS provides central
payment services to federal program agencies, operates the
Federal Government collections, and manages the collections of
delinquent debt.  Its banking routing number is 062736011.

2

D.      **False and Fictitious Instruments**

4.   Title 18, United States Code, Section 514 provides in relevant part:

> (a) Whoever, with the intent to defraud . . .
>
> (2) passes, utters, presents, offers, brokers, issues, sells or attempts or causes the same, within the United States, any false or fictitious instrument, document, or other items appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States . . . shall be guilty of a [crime].

II.  **THE SCHEME TO DEFRAUD**

A.      **ALEXIO's first order/shipment**

5.   On or about June 22, 2011, ALEXIO went on the APMEX website and placed an order for: (a) one single-ounce 2010 Silver American Eagle (Brilliant Uncirculated) and he agreed to pay $42.71 for it; and (b) a "2011 Silver Eagle 500-Coin Monster Box – San Francisco (Sealed)" and he agreed to pay $20,355 for it.  The order total placed by ALEXIO was $20,422.66.  ALEXIO directed that his billing and shipping addresses were the same -- his residence at "99814 Meaala Street, Aiea, HI, 96701 USA."  APMEX assigned the order number of 4808597 for that first order placed by ALEXIO.

6.   On or about July 11, 2011, APMEX received what purported to be a financial instrument from ALEXIO, dated July

3

6, 2011, for payment of the Silver Eagles described in the preceding paragraph.  The document was called a "Certified Pay Order;" it had a multi-digit number underneath it giving it the appearance of being some type of certified check; it had the name DENNIS ALEXIO on it and the words "Check No. 3560;" it said "PAY TO UNITED STATES TREASURY/APMEX" the amount of $20,422.66, which was the identical amount ALEXIO owed for the Silver Eagles; it had numbers 062736011 on the bottom left hand corner which appeared to be a bank's routing code and, in fact, was the routing number for The Financial Management Service of the U.S. Department of the Treasury; it had what appeared to be a customer bank account number but which, in fact, was ALEXIO's Social Security Number; it had a "Check No. 3560" in the upper right-hand corner which matched the number 3560 which appeared between what appeared to be the routing number and the bank account number; it had a signature which appeared to be one for someone named Alexio; and on the Memo line it had the Order No. with APMEX, No. 4808597.  Officials with APMEX examined the "Certified Pay Order" and concluded that it was a certified check, that is, a lawful financial instrument.

7.   APMEX sent the "Certified Pay Order" described above to its bank, JPMorgan Chase (Chase) to be negotiated.

4

8.   On July 12, 2011, ALEXIO sent an email to APMEX indicating that he wanted the order for the Silver Eagles to be shipped right away.

9.   However, APMEX's policy at that time was to hold checks and other financial instruments for one week to wait to see if Chase would honor or dishonor them.  On July 12, 2011, APMEX sent an email to ALEXIO informing him of the hold placed on his payment.

10.   After not hearing from Chase within the following week, and consistent with its policy of placing only a one-week hold on check payments, on or about July 18, 2011, APMEX shipped the Silver Eagles from Oklahoma to ALEXIO at the shipping address he had provided, which was his residence in Aiea, Hawaii.

**B.   ALEXIO's Second Order/Shipment**

11.   On or about July 24, 2011, ALEXIO placed two more orders for precious metals with APMEX.  The second order was for 1,500 one ounce 2011 Silver American Eagles, costing $65,565. The second order was given the number 4867697 by APMEX.

12.   On or about July 29, 2011, APMEX received a second "Certified Pay Order" from ALEXIO which appeared very similar to the first one.  It had a multi-digit number under the

words "Certified Pay Order," which, ALEXIO referred to in an email as the "usps certified pay order number" for that financial instrument. The other information on the second "Certified Pay Order" was very similar to the first one, except the date was different -- that is, July 24, 2011; the amount was different -- that is, for $65,565.00 (the amount of the order total); the check number was different -- that is, Check No. 9560; and the Memo line referenced the second order number – 4867697. APMEX sent this second "Certified Pay Order," like the first one, to its bank, Chase, to be negotiated. A one-week hold was again placed on the second "Certified Pay Order."

    13.  APMEX again waited a week for the apparent financial instrument to clear Chase. When Chase did not reject it within the one-week hold period, on August 5, 2011, AMPEX shipped the 1,500 Silver American Eagles from Oklahoma to ALEXIO at his residence in Aiea, Hawaii.

## C.  ALEXIO's Third Order/Shipment

    14.  ALEXIO's third order, placed on July 24, 2011, was for 60 one ounce "Pamp Suisse Gold Bars", costing $99,959. It was assigned the number 4867706 by APMEX.

    15.  On or about July 29, 2011, APMEX received another "Certified Pay Order" which appeared very similar to the first

6

one.   It had a multi-digit number under the words "Certified Pay

Order," which, ALEXIO referred to in an email as the "usps

certified pay order number" for that financial instrument.   The

other information on the third "Certified Pay Order" was very

similar to the first one, except the date was different -- that

is, July 24, 2011; the amount was different -- that is, for

$99,559.40 (the amount of the order total); the check number was

different -- that is, Check No. 9561; and the Memo line had the

Order number for the third order -- 4867706.   APMEX sent this

third "Certified Pay Order," like the first one, to its bank,

Chase, to be negotiated.   A one-week hold was again placed on

the third "Certified Pay Order."

        16.   APMEX again waited a week for the financial

instrument to clear Chase.   When Chase did not reject the

financial instrument after the one-week hold period had elapsed,

on or about August 5, 2011, it shipped the 60 gold bars to

ALEXIO at his residence in Aiea, Hawaii.

                    D.   **Notification from Chase**

        17.   On or about August 11, 2011, Chase notified APMEX

that all three "Certified Pay Orders" from ALEXIO described

above -- in the amounts of $20,422.66, $65,565.00, and

$99,959.40 -- were dishonored.

                                7

18.   On or about August 12, 2011, APMEX sent ALEXIO an email directing him to pay the three purchase orders by wire.

19.   On or about August 18, 2011, an APMEX employee telephoned ALEXIO.   ALEXIO said he would get this resolved but he never sent lawful payment to APMEX for any of the orders.

### E.   ALEXIO's Fourth, Fifth, and Sixth Orders

20.   On or about August 9, 2011, ALEXIO placed three additional orders with APMEX, for: (a) Perth Mint Gold Bars, totaling $99,153.95 (the fourth order); (b) Perth Mint Gold Bars, totaling $99,142.95 (the fifth order); and (c) Pamp Suisse Gold Bars and Perth Mint Gold Bars, totaling $99,393.13 (the sixth order).

21.   On or about August 19, 2011, three additional "Certified Pay Orders" -- similar to the first three "Certified Pay Orders," except they were all dated August 9, 2011; in different amounts (corresponding to the fourth, fifth, and sixth order total); with different multi-digit numbers under the title "Certified Pay Order"; with different check numbers (No. 9562 for the fourth order; No. 9563 for the fifth order; and No. 9564 for the sixth order); and with Memo lines corresponding to the fourth, fifth, and six orders (4909734, 4909811, 4909829, respectively) -- were received by AMPEX from ALEXIO.

8

22. AMPEX did not ship ALEXIO's fourth, fifth, and sixth orders because the "CERTIFIED PAY ORDERS" did not arrive until August 19, 2011, and AMPEX had been informed by Chase on August 18, 2011, that the first three "CERTIFIED PAY ORDERS" had been dishonored by Chase.

### III. THE CHARGES

23. On or about the days set forth in the table below, in the District of Hawaii and elsewhere, the defendant DENNIS RAYMOND ALEXIO, with the intent to defraud APMEX, passed, presented, offered, and attempted to do the same, within the United States, false and fictitious instruments, documents, and other items, to wit, "Certified Pay Orders," appearing, representing, purporting, and contriving through scheme and artifice, to be actual securities or other financial instruments issued under the authority of the United States, as described above, with each "Certified Pay Order" constituting a separate count of this Indictment, as indicated in the table below:

| Count | Date | Check No. | Amount |
|-------|------|-----------|--------|
| 1 | July 6, 2011 | 3560 | $20,422.66 |
| 2 | July 24, 2011 | 9560 | $65,656.00 |
| 3 | July 24, 2011 | 9561 | $99,959.40 |
| 4 | Aug. 9, 2011 | 9562 | $99,153.95 |

9

| 5 | Aug. 9, 2011 | 9563 | $99,142.95 |
| 6 | Aug. 9, 2011 | 9564 | $99,393.13 |

All in violation of Title 18, United States Code, Section 514.

**COUNTS 7-9**
(18 U.S.C. § 2314)
(interstate transportation
of stolen property)

The Grand Jury further charges that:

1.    Paragraphs 1-22 of Counts 1-6 of this Indictment are incorporated herein by reference.

**THE CHARGES**

2.    On or about the dates set forth below, in the District of Hawaii and elsewhere, the defendant DENNIS RAYMOND ALEXIO, having intended to devise a scheme and artifice to defraud APMEX by sending it false and fictitious instruments, documents, and other items, that is, "Certified Pay Orders," appearing, representing, and purporting to be actual securities or other financial instruments issued under the authority of the United States, and in the execution of aforesaid scheme and artifice to defraud APMEX of property having a value of $5,000 or more, that is, the precious metals described in the table below, by causing APMEX to transport in interstate commerce, from Oklahoma to the State of Hawaii, precious metals belonging

10

to APMEX, with each transportation (Transp.) of precious metals
constituting a separate count of this Indictment as set forth
below:

| Count | Transp. Date | Property | Value |
|-------|--------------|----------|-------|
| 7 | July 18, 2011 | 501 Silver American Eagles | $20,422.66 |
| 8 | Aug. 5, 2011 | 1500 Silver American Eagles | $65,656.00 |
| 9 | July 24, 2011 | 60 Pamp Suisse Gold Bars | $99,959.40 |

All in violation of Title 18, United States Code,
Section 2314.

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

11

## ASSET FORFEITURE ALLEGATIONS

Upon conviction of one or more of the offenses alleged in Counts 7, 8, or 9 of this Indictment, DENNIS RAYMOND ALEXIO shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to the following property:

1. The 501 Silver American Eagles identified in Count 7 of this Indictment;

2. The 1500 Silver American Eagles identified in Count 8 of this Indictment; and

3. The 60 Pamp Suisse Gold Bars identified in Count 9 of this Indictment.

If any of the property described above as a result of any act or omission of the defendant –

1. Cannot be located upon the exercise of due diligence;

2. Has been transferred or sold to, or deposited with, a third person;

3. Has been placed beyond the jurisdiction of the court;

4. Has been substantially diminished in value; or

5. Has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to the forfeiture of substitute property, pursuant to 21 United States Code, section 853(p), as incorporated by Title 18, United States Code, section 982(b)(1) and Title 28, United States Code, section 2461(c).

      Dated: November 13, 2013, at Honolulu, Hawaii.

              A TRUE BILL

              /s/ Foreperson
              FOREPERSON, Grand Jury

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Criminal Division

MARSHALL H. SILVERBERG
Assistant U.S. Attorney

United States v. DENNIS RAYMOND ALEXIO, Cr. No._____
(Indictment)

13