ORIGINAL

FLORENCE NAKAKUNI #2286
United States Attorney
District of Hawaii

MARSHALL SILVERBERG  #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 25 2013

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-01017 JMS |
| | ) | CR. NO. 13-01018 SOM |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S MEMORANDUM IN |
| vs. | ) | SUPPORT OF ITS MOTION TO |
| | ) | DETAIN DEFENDANT DENNIS |
| DENNIS RAYMOND ALEXIO, | ) | R. ALEXIO; EXHIBITS 1-7; |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |
| | ) | Hearing date: Nov. 25, 2013 |
| | ) | Time: 2:00 p.m. |
| UNITED STATES OF AMERICA, | ) | Judge: Hon. Richard L. Puglisi |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS R. ALEXIO,     (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DETAIN DEFENDANT DENNIS R. ALEXIO

Dennis Alexio has been indicted in both captioned cases. On Thursday, November 21, 2013, Alexio was arrested and the government filed a motion to detain him until his trial in both cases. This memorandum is being filed in support of that motion.

I.  Argument

A. The defendant is a flight risk for his unwillingness to abide by court orders.

On two prior occasions -- on August 26, 2004, and June 16, 2006 -- this court has detained the defendant for failing to abide by court orders.  These two instances are reflected in the newspaper stories attached hereto as Exhibits 1 and 2.  In the first instance, the defendant was charged with failure to pay child support and with two counts of bank fraud and in the second he was a merely a witness in a grand jury proceeding.  Here, in contrast, the defendant is charged with much more serious crimes and is facing much greater punishment.  In Cr. No. 13-01017 JMS, the defendant is charged with nine serious felony offenses.  In Cr. No. 13-01018 SOM, the defendant is charged with 29 serious felony offenses.  If the defendant was unwilling to abide by court orders in 2004 when he was facing only three offenses, and in 2007, when he was only a witness in a grand jury investigation, he surely has a greater incentive to oppose court orders in the instant case than he did in the prior two cases.

In addition, in conducting an inventory search of the defendant's wallet (see Exh. 3), law enforcement agents found in the defendant's possession a "Drivers Credential" allegedly issued by the "Polynesian Kingdom of Atooi."  See Exhibit 4. (The defendant, as far as the government knows, does not have a State of Hawaii Drivers License.).  On the back of that "Driver's Credential," was a statement "DO NOT DETAIN THIS INDIVIDUAL" pursuant to the "United Nations Declaration on the Rights of Indigenous Peoples."  Exh. 5. What this suggests is that the defendant does not recognize this Court's jurisdiction over him.  That conclusion is buttressed by the fact that the defendant even objected to the setting of a trial date against him in the two pending cases.

### B. The defendant poses a danger to any arresting officers.

But what concerns the government even more, is the defendant's history of resisting arrest and how that poses a danger to any law enforcement officers tasked with having to arrest him. According to the arresting officers here (see Exh. 6), they attempted to arrest the defendant on Thursday, November 21, 2013, by the Starbucks in Aiea.  The defendant tensed his arms in order to try and prevent the law enforcement officers from placing handcuffs on him.  See Exh. 6, ¶ 3.  Further, the defendant refused to relinquish his fanny bag for 30-60 seconds, despite being ordered to do so by the law enforcement officers.  *Id.* at ¶ 4.  Eventually, the officers

3

were able to arrest the defendant and obtain the fanny bag but not until after a notable delay caused by the defendant.   See Exhibit 5.

This is not the first time the defendant has resisted arrest.   According to Deputy Sheriff Darryl Ng, who is a member of the U.S. Marshals Fugitives Task Force, during the defendant's previous arrest for failing to pay child support (see exh. 1), he refused to come out of his residence, despite being told by the law enforcement agents that they had a warrant for his arrest, resulting in the Marshals Service having to break down his door.   See Exhibit 7, ¶ 4.   Deputy Sheriff Ng recounts how law enforcement officers had to wait 20-30 minutes for Alexio to emerge from the residence before they had to resort to breaking down the residence's door.   *Id*. According to Deputy Sheriff Ng, after the door was broken down, the defendant emerged and Deputy Sheriff Ng was forced to draw his firearm.   *Id*.   He almost fired when he saw the defendant reach for something, which turned out to be a cell phone.   *Id*.   Fortunately, Deputy Sheriff Ng did not actually fire his weapon.

Deputy Sheriff Ng also was involved in the second arrest of the defendant in 2007 (see Exh. 2).   At that time, the defendant was arrested at a gym and claimed he had to go to the bathroom before he could be handcuffed.   Exh. 7 at ¶ 5.   Deputy Sheriff Ng allowed the defendant to go to the bathroom, but the defendant did not

actually use the bathroom.  Instead, Deputy Sheriff Ng believes the defendant wanted to go to the bathroom to gain time so that he could consider whether he should resist arrest or submit to it.  The defendant then submitted to the arrest without further incident. Exh. 7.

The defendant is the former kickboxing champion of the world.  As such, he has a lot of experience with violent behavior. When you combine that fact, with his history of refusing to abide by court orders and his history of resisting arrest, with the fact that he has a wife and four minor children residing with him, there is an acute danger that if the defendant did not appear at a future court proceeding, like he failed to appear in the past, and the court ordered his arrest, like it had to in the past, there would be a danger to any arresting officers sent to arrest him, as well as to his wife and the four minor children living in the residence.

C.  The defendant poses a danger to
    the safety of two witnesses.

Count 42 of Cr. No. 13-01018 SOM charges the defendant with preparing and filing a false and fraudulent tax return on behalf of J.C., illegally seeking a refund of $221,369.  One of the government's case agents, IRS Special Agent LeiAnn Corpuz, telephoned J.C., and a key witness, T.T., after the defendant was arrested and the indictments became public knowledge.  See Exhibit 7, ¶ 3  Both J.C. and T.T. informed Special Agent Corpuz that they

5

feared for their safety because they believed the defendant would retaliate against them for cooperating with the government against him. *Id.*

## II. Conclusion

For the foregoing reasons, the government respectfully requests that its motion to detain the defendant be granted.

DATED: November 25, 2013, Honolulu, Hawaii.

Respectfully Submitted,

FLORENCE NAKAKUNI
United States Attorney
District of Hawaii

By: _____
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA