AFFIDAVIT

I, MARK MacPHERSON, after being first duly sworn on oath, deposes and says:

1. I am a Special Agent with the Internal Revenue Service, Criminal Investigation and have been employed in that capacity since January 2010. I have been assigned to the Seattle Field Office since July 2010. I have successfully completed the 12-week Criminal Investigator Training Course and the 13-week IRS CI Special Agent Investigative Techniques course at the Federal Law Enforcement Training Center in Glynco, Georgia. This training included lessons in financial investigative techniques, forensic accounting, tax, criminal investigation techniques, criminal law, and search warrants. I also hold a Master's degree in Accounting and Financial Management. My official duties include the investigation of possible criminal violations of the Internal Revenue Code, covered under Title 26 of the United States Code; the currency reporting requirements, covered under Title 31 of the United States Code; and financial fraud, corruption and money laundering statutes, covered under Title 18 of the United States Code.

2. On November 21, 2013, I participated in the arrest of Dennis ALEXIO (ALEXIO) pursuant to a federal arrest warrant. Following the arrest of ALEXIO, I conducted a search incident to his arrest of a fanny pack which was in his left hand (and which was later photographed, with such photographs attached hereto and incorporated herein as Exhibits A and B).

3. ALEXIO initially resisted arrest by stiffening his arms to make it difficult for the arresting agents to place the handcuffs on him. At that time, ALEXIO was grasping the fanny pack tightly in his left hand, making it difficult for me to take it from him. ALEXIO also informed the agents that he did not want to give up the fanny pack. This concerned me that there might be a weapon or contraband inside the fanny pack.

4. After about 30-60 seconds where ALEXIO resisted arrest, law enforcement agents were finally able to take the fanny pack from ALEXIO and handcuff him. I then searched the fanny pack incident to the arrest of ALEXIO.

During my quick inspection of the contents of ALEXIO's fanny pack for possible weapons or contraband, I discovered a letter addressed to ALEXIO that contained the key terms relating to the Internal Revenue Service and the filing of Federal Tax Returns to include 1099, 1040V, 1040NR. I further discovered two American Savings Bank (ASB) receipts dated in 2009 for $100,000 and approximately $99,000, respectively. A photograph of the open fanny pack is attached hereto as Exhibit B.

    5.    Before ALEXIO's arrest, I had skimmed the Indictment filed in Cr. No. 13-01018 SOM but I was not very familiar with the details. I knew that there was some issue involving tax returns and cashier's checks but I did not know the amounts the cashier's checks, the years they were purchased, or the tax charges involved. I was not looking for any such documents or evidence when I searched the fanny pack for weapons or contraband. Nonetheless, I realized that the documents might be evidence of some of the crimes charged in the Indictment and I so informed IRS Special Agent Kevin Shimoda, with whom I was working. Agent Shimoda then forwarded that information to AUSA Marshall Silverberg, who advised us to stop any further search of the fanny pack so that we could obtain a search and seizure warrant for the contents of the fanny pack because the contents therein appeared to be relevant to the charges filed in Cr. No. 13-01018 SOM.

    6.    Subsequently, I took the fanny pack with me and told IRS Special Agent LeiAnn Corpuz, who is the lead investigator of the charges filed in Cr. No. 13-01018, what I had seen. Special Agent Corpuz informed me that possessing receipts of the purchase of those cashier's checks is evidence of the crimes charged in Cr. No. 13-01018 revolving around those checks.

    7.    After my brief conversation with Special Agent Corpuz, I examined the Indictment filed in Cr. No. 13-01018 SOM more carefully. Based upon that review, and my conversation with Special Agent Corpuz, I believe that the receipt I witnessed in the amount of $100,000 may be evidence of Count #5 or #6 (Money Laundering), specifically the purchase of Cashier's Check # 401352384 or 401352385 purchased on April 10, 2009. Likewise, the receipt for approximately $99,000 maybe evidence of Count #9 (Money Laundering), specifically the purchase of Cashier's Check # 401352388 purchased on April 10, 2009. In sum, I believe

2

that not only is there probable cause to believe such documents are in the fanny pack, I also believe there is probable cause to believe that such documents are evidence of the crimes charged, at a minimum, in counts 5 or 6 and 9 of the Indictment, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

FURTHER AFFIANT SAYETH NAUGHT.

_____
MARK MacPHERSON
Special Agent
Internal Revenue Service

Subscribed and sworn to
before me this 22nd day
of November, 2013.

_____
HONORABLE RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE